UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE DESOUZA,

    Plaintiff,

v.                                                Case No. 12-10566

ROLANDA TAYLOR, et al.,

    Defendants.
                                                   /

**ORDER GRANTING "MOTION TO AMEND COMPLAINT,"
DENYING WITHOUT PREJUDICE "MOTION TO DISMISS COMPLAINT,"
CANCELLING JUNE 20, 2012 MOTION HEARING, AND
DENYING WITHOUT PREJUDICE "MOTION TO APPOINT COUNSEL"**

Before the court are Plaintiff's motion to amend her complaint and motion to appoint counsel, both filed on April 23, 2012. The time allowed for a response having lapsed without a filing from Defendants, *see* E.D. Mich. LR 7.1(e)(2)(B), the court considers the motions ripe for determination and further finds a hearing to be unnecessary, *see id.* 7.1(f)(2). For the reasons stated below, the court will grant Plaintiff's motion to amend her complaint. As a consequence of this ruling, the court must also deny without prejudice Defendant White Castle Inc.'s pending motion to dismiss the original complaint. Finally, the court will deny without prejudice Plaintiff's motion to appoint counsel.

**1. Motion to Amend the Complaint**

Plaintiff filed her pro se complaint in this action on February 8, 2012, alleging that Defendants, her former employers, discriminated against her on the basis of age in violation of Title VII of the Civil Rights Act of 1964. (Compl. ¶ 1, Dkt. # 1.) On March 7,

2012, Defendant White Castle Inc., instead of filing an answer, filed a motion to dismiss the action under Federal Rule of Civil Procedure 12(b)(6), on the basis that Title VII does not protect against age discrimination. On the deadline in place for Plaintiff to respond to the motion to dismiss, she filed the instant motion to amend her complaint. In the motion, Plaintiff states that she "mistakenly requested relief for age discrimination under Title VII." She asks for permission to file an amended complaint that instead seeks relief under the Age Discrimination in Employment Act and Michigan's Elliott-Larsen Civil Rights Act. (Pl.'s Mot. Amend Compl. ¶¶ 1-2, Dkt. # 12).

Plaintiff filed her motion to amend more than twenty-one days after service of the Rule 12(b)(6) motion, and she did not obtain Defendants' written consent. Thus, she may only amend the complaint with the court's leave, which should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(1)(B). The court finds that Plaintiff's proffered reasons, as well as her pro se status, justify a grant of leave to amend the complaint. *Cf. Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). The court will therefore grant the motion to amend. Because Defendant White Castle Inc.'s motion to dismiss addresses the original complaint, it must be denied without prejudice.

## 2. Motion to Appoint Counsel

Plaintiff also requests that the court appoint her counsel, as she has "not been able to obtain an attorney to represent [her] due to [her] current financial condition." (Pl.'s Mot. Appoint Counsel 1, Dkt. # 13.) However, there is no constitutional right to appointed counsel in a civil case. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). Unlike in criminal cases, the court does not have at its disposal a roster of

attorneys whom it can "appoint" to represent a civil party.  At the most, the court could only *request* that an attorney represent Plaintiff at no cost under 28 U.S.C. § 1915(e)(1).  As a general rule, the court will only make such a request in exceptional circumstances.  *Edwards v. Simpson*, 833 F.2d 1012 (6th Cir. 1987) (unpublished table decision) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

At this time, the court is not persuaded that Plaintiff's case merits action under § 1915(e)(1).  Plaintiff has not alleged any unique considerations, other than her lack of funds, that suggest hers is the special case where a request for counsel is appropriate.  As a result, the court will deny the current motion to appoint counsel, without prejudice to Plaintiff's ability to renew her request should the requisite extraordinary circumstances later arise.

Accordingly,

IT IS ORDERED that Plaintiff's "Motion to Amend Complaint" [Dkt. # 12] is GRANTED.  Plaintiff is DIRECTED to file her amended complaint no later than **June 8, 2012**.

IT IS FURTHER ORDERED that Defendant White Castle Inc.'s "Motion to Dismiss Complaint" [Dkt. # 6] is DENIED WITHOUT PREJUDICE.  In accordance with Federal Rule of Civil Procedure 15(a)(3), Defendants have 14 days after service of the amended complaint to file a responsive pleading or a renewed motion under Rule 12(b).

IT IS FURTHER ORDERED that the June 20, 2012 motion hearing is CANCELLED.

Finally, IT IS ORDERED that Plaintiff's "Motion to Appoint Counsel" [Dkt. # 13] is DENIED WITHOUT PREJUDICE.

                s/Robert H. Cleland
                ROBERT H. CLELAND
                UNITED STATES DISTRICT JUDGE

Dated:  May 24, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 24, 2012, by electronic and/or ordinary mail.

                s/Lisa G. Wagner
                Case Manager and Deputy Clerk
                (313) 234-5522